UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BASHARA MERRIWEATHER,

    Plaintiff,

v.                                          Case No. 2:11-cv-459
                                            HON. ROBERT HOLMES BELL

JOHN JENKINS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Bashara Merriweather, an inmate currently confined within the Michigan Department of Corrections (MDOC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the MDOC. Specifically, Defendants include Resident Unit Officer Jeffrey Jenkins, Assistant Resident Unit Supervisor Chris McKee and Grievance Coordinator Michael McLean, who are all employed at the Chippewa Correctional Facility.

In his complaint, Plaintiff states that in November 2010 he was prescribed tetracycline and metronidazole, and was also taking other prescription medicines Mobic, Naproxen, and Zantac. (Docket # 1 at ¶¶ 5-6). Each of these medicines has a side effect of diarrhea. *Id.* Plaintiff alleges that after taking his medicine on the morning of November 28, 2010, he entered the R Unit exercise yard. About 45 minutes later, Plaintiff felt the urgent need to defecate and asked Defendant Jenkins to let him inside to use the only available toilet. (Docket # 1 at ¶¶ 9-11). According to Plaintiff, Jenkins responded, "You got to hold that shit until 8:00, so go back outside to the small yard!" (Docket #1 at ¶12). Plaintiff then replied, "I can't hold my shit, I gotta go now!" Plaintiff alleges

that Jenkins then said, in a threatening tone, "Hold that shit, boy, and take it back outside!" (Docket #1 at ¶13). Plaintiff alleges that he experienced internal pain and cramping and he defecated in a mop bucket which was in the base area. (Docket #1 at ¶14). Jenkins, however, recalled that Plaintiff was told he could not enter the unit. Plaintiff then said "I'll shit right here," and sat on the bucket. Plaintiff said "write the ticket." (Docket #1at ¶ 16). Jenkins then issued Plaintiff a Disobeying a Direct Order Class II misconduct for not returning to the yard. (Docket #1 at ¶15).

Plaintiff claims that Jenkins' refusal to allow him to use the toilet violated his Eighth and Fourteenth Amendment rights. (Docket #1 at ¶46). Additionally, Plaintiff alleges that the misconduct order violated his First Amendment right by retaliating against him. (Docket #1 at ¶47).

Plaintiff alleges that he was given offensive nicknames and that after he informed Defendant McKee what had occurred, he was further berated. (Docket #1 at ¶¶ 23, 30). Plaintiff also claims that McKee completed a classification screening on December 16, 2010, which led to Plaintiff's transfer to another prison of the same security level. (Docket #1 at ¶37, 39). Plaintiff claims that McKee violated his First Amendment constitutional right by transferring him to another correctional facility in retaliation for his grievances. (Docket #1 at ¶48).

Plaintiff also claims that Defendant McLean did not process several grievances. In particular, Plaintiff states that he filed a grievance against Jenkins (Docket #1 at ¶20), and alleges that on December 12, 2010, when he filed a second grievance against Jenkins, it was not properly processed. (Docket #1 at ¶¶28-29). Plaintiff also alleges that on December 16, 2010, he filed another grievance and received no response. (Docket #1 at ¶35). Additionally, Plaintiff alleges that on January 16, 2011, he mailed two grievances regarding his transfer and evaluation but again they were not processed. (Docket #1 at ¶44).

Plaintiff lastly claims that all Defendants committed intentional infliction of emotional distress. (Docket #1 at ¶¶51-52). Plaintiff is suing Defendants in their individual capacities and is seeking $10,000 in compensatory damages from each Defendant, as well as $100,000 in punitive damages from each Defendant.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas*

*& Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that his having to defecate in a mop bucket on one occasion constitutes cruel and unusual punishment under the Eight Amendment. Allegations about temporary inconveniences, e.g, being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F.Supp.2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim.").

The one-time denial of Plaintiff's request to use the toilet is insufficient, by itself, to state a claim under the Eighth Amendment. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment") (citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir.1987)). Therefore, in the opinion of the undersigned, defendants should be granted summary judgment on Plaintiff's Eighth Amendment claims.

Plaintiff also claims that there was a violation of his Fourteenth Amendment rights. However, because the Eighth Amendment provides the explicit textual source of protection under the Constitution for this type of claim, Plaintiff's Fourteenth Amendment claim fails. If an Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). (Docket #16 at 8). Since this claim can be analyzed under the Eighth Amendment and as

- 4 -

aforementioned, the Eighth Amendment claim is dismissed, the Fourteenth Amendment claim is also properly dismissed.

Plaintiff claims that his rights were violated when he was transferred to a different prison. However inmates do not have a right to live in a particular prison nor do they have a right to particular rehabilitation programs. *Meachum v. Fano,* 427 U.S. 215, 224 (1976); *Moody v. Daggett,* 429 U.S. 78, 88 N. 9 (1976). Therefore the claim is not valid.

Similarly, an effective grievance procedure is not a constitutional right. Plaintiff alleges that Defendant McLean failed to process his grievance. However, McLean states that he processed the December 3, 2010 grievance as per policy. (Defendants' Exhibit E, Affidavit of Michael McLean at ¶ 4). Plaintiff claims that on December 12, 2010 he filed another grievance and on December 16, 2010 he filed a third grievance, yet there is no record of these grievances. (*Id.* at ¶¶ 5-6). Plaintiff further alleges that he mailed two grievances on January 16, 2011, and there is no record of these grievances either. (*Id.* at ¶ 8). Furthermore, Plaintiff has failed to state a claim because, as held in *Smith v. Lincoln*, "there is no constitutionally protected due process right to an effective prison grievance procedure." (*Smith v. Lincoln.* No. 1:10-cv-1178, 2011 U.S. Dist. LEXIS 12204 at 5-6 (W.D. Mich. Feb. 8, 2011)). In the opinion of the undersigned, Plaintiff has not established any violation of his constitutional rights regarding his grievance claims.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able

- 5 -

to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff was engaged in protected conduct when he filed grievances, satisfying the first element. He claims that adverse action was allegedly taken against him in the form of transferring him to a different prison. The new prison, however, was the same security level as his old prison, and the Sixth Circuit has held multiple times that such transfers "cannot rise to the level of an 'adverse action'" *Smith v. Yarrow,* No. 01-4033, 2003 U.S. App. LEXIS 21395 at 40-41 (6th Cir. 2003). Therefore, in the opinion of the undersigned, Plaintiff cannot show retaliation.

Plaintiff alleges that all defendants committed intentional infliction of emotional distress. (Docket #1, ¶ 51). To the extent that Plaintiff is claiming his state law rights were violated, it is recommended that this court refuse to exercise pendent jurisdiction over such claims. Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966); *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir. 2006); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915, 112 S.Ct. 1954 (1992).

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before

> trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966).

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #16) be granted and this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 14, 2012