UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BASHARA MERRIWEATHER,

       Plaintiff,

                                Case No. 2:11-cv-459

v.

                                HON. ROBERT HOLMES BELL

JOHN JENKINS, et al.,

       Defendants.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

On August 14, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the motion for summary judgment filed by Defendants Jeffrey Jenkins, Chris McKee, and Michael McLean (Dkt. No. 16) be granted. (Dkt. No. 33.) This matter is before the Court on Plaintiff Bashara Merriweather's objections to the R&R. (Dkt. No. 34.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff only objects to the R&R's conclusions regarding his Eighth Amendment claim. In particular, Plaintiff objects to the R&R's conclusion that the one-time denial of his request to use a toilet – resulting in Plaintiff defecating in a mop bucket – was insufficient to constitute cruel and unusual punishment under the Eighth Amendment.

Plaintiff contends that two cases upon which the R&R relied, *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), and *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508 (6th Cir. 2001), are not controlling due to a more recent Supreme Court decision, *Hope v. Pelzer*, 536 U.S. 730 (2002). This is incorrect.

*Hope* concerned an entirely different situation than that alleged by Plaintiff. In *Hope*, the plaintiff alleged that he had been handcuffed to a hitching post and left out in the sun shirtless for seven hours with no bathroom breaks. *Id.* at 730. The Supreme Court found that this unique combination of "substantial risk of physical harm, unnecessary pain, unnecessary exposure to the sun, prolonged thirst and taunting, and a deprivation of bathroom breaks [] created a risk of particular discomfort and humiliation." *Id.* at 731. The Court further noted the "obvious cruelty inherent in the practice." *Id.*

Plaintiff has not alleged such obvious cruelty in the present case. Instead, Plaintiff alleges that around 7:45 AM on November 28, 2010, he asked to leave the exercise yard because of an urgent need to defecate but was told he had to wait until 8:00 AM. (Dkt. No. 1, ¶¶ 8-12.) Following this refusal, Plaintiff "could not control his bowels" and consequently defecated in a mop bucket. (*Id.* at ¶ 14.) Because of this stark contrast to the facts underlying the *Hope* decision, the R&R correctly relied upon *Hartsfield* and *Dellis*.

2

Alternatively, Plaintiff attempts to distinguish his case from *Hartsfield* and *Dellis*. As to the former, Plaintiff misconstrues the *Hartsfield* decision as resting solely on the ground that the defendants had offered sworn testimony and documentation that toilet breaks had been offered. As the R&R correctly noted, *Hartsfield* also relied upon *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir.1987), which held that deprivation of access to a toilet for a twenty hour period was not cruel and unusual punishment.

Plaintiff also narrowly construes *Dellis* as only applying in situations where the prisoner's toilet is not working. This is incorrect. As explained in the R&R, *Dellis* was decided on the ground that deprivation of access to a working toilet – along with deprivation of a lower bunk and flooding in the prisoner's cell – was an example of a "temporary inconvenience[]" which does not rise to the level of cruel and unusual punishment. *Dellis*, 257 F.3d at 511. The R&R correctly found that Plaintiff's one-time, approximately fifteen minute deprivation of access to a toilet, resulting in his defecation in a mop bucket, was such a temporary inconvenience. Accordingly,

**IT IS HEREBY ORDERED** that the August 14, 2012, R&R (Dkt. No. 33) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Jenkins, McKee, and McLean (Dkt. No. 16) is **GRANTED**.

Dated: September 7, 2012            /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE